STATE EX REL. CITY OF MINNEAPOLIS v. GEORGE W. HANSON AND ANOTHER.[1]

May 13, 1927.

No. 25,962.

**District court lacked jurisdiction of appeal from confirmation of assessment by city council.**

1. The district court did not acquire jurisdiction on appeal from the order of the common council confirming an assessment, following State ex rel. City of Minneapolis v. Boucher, supra, page 297.

**Question of jurisdiction of city not presented.**

2. The district court not having acquired jurisdiction, the question whether the city acquired jurisdiction in the condemnation proceeding is not presented.

Eminent Domain, 20 C. J. p. 1089 n. 32; p. 1094 n. 10 New, 23.

[1]Reported in 214 N. W. 32.

Certiorari upon the relation of the City of Minneapolis to review an order of the district court for Hennepin county, Leary, J., refusing to dismiss respondents' appeal from an order of the city council in a condemnation proceeding.   Reversed.

*Neil M. Cronin,* City Attorney, and *R. S. Wiggin,* Assistant City Attorney, for relator.

*Olof L. Bruce,* for respondents.

DIBELL, J.

1.  This case is controlled by State ex rel. City of Minneapolis v. Boucher, supra, page 297, so far as concerns the jurisdiction of the district court on appeal from the order of the city council confirming the assessment.

2.  The property owners insist that jurisdiction was not acquired in the condemnation proceeding because of a failure to follow the statute in respect of giving notice.   That question is argued in the city's brief.   It is not for determination upon this appeal.   The city's contention that the district court did not acquire jurisdiction on appeal from the order of the common council confirming the assessment being sustained, it had no jurisdiction to determine whether jurisdiction was acquired of the property in the assessment proceeding, and this court has no jurisdiction on appeal.   In G. N. Ry. Co. v. City of Minneapolis, 142 Minn. 308, 172 N. W. 135, the question was determined on injunction.

Order reversed.